

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **COREY DOCTOR,**<br><br>Plaintiff,<br><br>vs.<br><br>**WILLIAMS & FUDGE, INC.; and DOES 1 through 10, inclusive,**<br><br>Defendant. | Civil Action No. : 2:13CV587 RBS/TEM<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Corey Doctor, an individual consumer, against Defendant, Williams & Fudge, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Corey Doctor, is a natural person with a permanent residence in Virginia Beach, Virginia Beach City county, Virginia 23453.

4. Upon information and belief, the Defendant, Williams & Fudge, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 300 Chatham Avenue, Rock Hill, York County, South Carolina 29731. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff at work after being instructed cease communications at work.

## V. CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

    (c) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

    (d) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress,

or abuse any person in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Corey Doctor, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

///

///

///

///

///

///

///

///

///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Williams & Fudge, Inc., for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA.

    B.    Actual damages.

    C.    Statutory damages.

    D.    Costs and reasonable attorney fees.

    E.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F.    For such other and further relief as the Court may deem just and proper.

DATED: October 1, 2013

RESPECTFULLY SUBMITTED,

By: _____
Richard W. Ferris
VSB# 31812
FERRIS WINDER, PLLC
530 East Main Street, Suite 710
Richmond, VA 23219
Tel: 804-767-1800
E-mail: rwferris@ferriswinder.com
*Attorney for Plaintiff,*
*Corey Doctor*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Corey Doctor, demands trial by jury in this action.